IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CATHY ROUTH,

    Plaintiff,

vs.                                                                              No. 1:16-cv-00797-WPL-KBM

ANDREA CHARLEEN JOHNSON,
KRISTOPHER DALE KATSCH,
CARL CARMELL ELERBY,
FRED MORALES a/k/a Frederico Marvin Torres,
in his official and personal capacity,
BEN MARTINEZ,
in his official and personal capacity,
PEDRO CHAVEZ, in his official and personal
capacity,

    Defendants.

## **DEFENDANTS BEN MARTINEZ AND PEDRO CHAVEZ'S MOTION TO STAY DISCOVERY**

Defendants, Ben Martinez and Pedro Chavez, by and through counsel, Daniel J. Macke, hereby submit their Motion to Stay Discovery.

Plaintiff's counsel has indicated opposition to the Motion via electronic means as of July 19, 2016.

## **INTRODUCTION**

Plaintiff brings a seven (7) Count Complaint stemming from a private dispute over a shared water well and payments allegedly not made in the course of enforcing the terms of a well agreement. Specifically, Plaintiff alleges Defendants Martinez and Chavez failed to take investigative or enforcement action against the other landowners for alleged crimes that these landowners already had committed. Defendants have filed a Motion to Dismiss in which they raise the defense of qualified immunity. Accordingly, they request that discovery be stayed in this matter pending resolution of the qualified immunity issues.

**ARGUMENT**

"Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009); *See also Saucier v. Katz*, 533 U.S. 194, 200 (2001).

Because qualified immunity protects against the burdens of discovery as well as trial, the Supreme Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *Accord Jones v. City and Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988). As a consequence, the Tenth Circuit holds that, when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992). Moreover, the qualified immunity defense may be asserted at various stages in the litigation process. *See Robbins v. Wilkie*, 433 F.3d 755, 762-63 (10th Cir. 2006), *rev'd on other grounds*, 549 U.S. 1075 (2006). The Supreme Court has suggested that, to avoid unnecessary exposure to burdensome discovery, the preferred practice is for the government officials to move to dismiss the action based on qualified immunity before discovery is ordered. *See Crawford– El v.. Britton* 523 U.S. 574, 598 (1998).

Prior to the Supreme Court's decision in *Ashcroft v. Iqbal*, it was unclear whether discovery should proceed when certain other Defendants were not entitled to the immunity defense. In such a situation, the *Iqbal* Court determined that all discovery must be stayed. The Court reasoned that those

2

defendants who were entitled to assert the defense would nonetheless be brought into the discovery if any discovery was permitted. *Iqbal,* 556 U.S. at 685-86. This is so because those qualified immunity defendants would have to participate in the ongoing discovery process, meet with counsel, review discovery served on non-qualified immunity defendants, and participate in depositions to protect their individual positions and defenses. In doing these things, those qualified immunity defendants would, of necessity, lose the benefit of the defense.

Finally, the stay of discovery is likewise consistent with the Civil Justice Reform Act (CJRA) 28 U.S.C. § 471. The costs-savings provisions of the CJRA are designed to reduce the costs of litigation and expedite the disposition of the case.

Here, Defendants' Motion raises a dispositive issue. Thus, under the CJRA, it is appropriate for the Court to first consider and rule on Defendants' Motion.

## **CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that the Motion be granted.

Respectfully Submitted,

*BROWN LAW FIRM*
*BROWN & GURULE*


*/s/ Daniel J. Macke 07/25/2016*
DANIEL J. MACKE
Attorney for Defendants Martinez and Chavez
3777 The American Road NW, Suite 100
Albuquerque, New Mexico  87114
(505) 292-9677
dan@brownlawnm.com

3

I HEREBY CERTIFY that on this 25th day of July, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Pete V. Domenici, Jr.
    pdomenici@domenicilaw.com

    Carlos Quinones
    quinoneslaw@cybermesa.com

    John Adam Frase
    jfrase@rlattorneys.com


*/s/ Daniel J. Macke*
Daniel J. Macke