# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

**CATHY ROUTH,**

            **Plaintiff,**

**vs.**                                                      No.  CIV 16-00797 WPL/KBM

**ANDREA CHARLEEN JOHNSON,**
**KRISTOPHER DALE KATSCH,**
**CARL CARMELL ELERBY,**
**FRED MORALES aka Frederico Marvin Torres,**
**in his official and personal capacity,**
**BEN MARTINEZ, in his official and personal capacity,**
**PEDRO CHAVEZ, in his official and personal capacity,**

            **Defendants.**

## DEFENDANT FREDERICO MARVIN TORRES' MOTION FOR A STAY OF PROCEEDINGS PENDING DECISION ON DEFENDANT TORRES' MOTION TO COMPEL ARBITRATION

        COMES NOW Defendant Frederico Marvin Torres (incorrectly named in the caption as "Fred Morales") (hereinafter "Defendant Torres"), by and through counsel, Quiñones Law Firm (Carlos M. Quiñones, Esq.), and hereby files this Motion for a Stay of all Proceedings in this lawsuit[1] pending the Court's decision on Defendant Torres' Motion to Compel Arbitration.  Plaintiff's counsel opposes the relief sought herein. Counsel for other Defendants Andrea Charleen Johnson, Ben Martinez and Pedro Chavez[2] do not oppose this Motion for a Stay.  In support of this Motion, Defendant Torres states as follows:

---

[1] Defendants Ben Martinez and Pedro Chavez have also filed a Motion for a Stay of Discovery on July 25, 2016 (Doc. # 25).
[2] It is believed that Defendants Kristopher Dale Katsch and Carl Carmell Elerby have never been served with this lawsuit.

## I.      BACKGROUND

Plaintiff Cathy Routh (hereinafter "Plaintiff") filed this lawsuit *pro se* in state district court on February 5, 2016.  (Doc. # 2).  She included as part of her initial pleading about 160 pages of documents related to a state magistrate court proceeding brought against Plaintiff by current Defendant Andrea Charleen Johnson (hereinafter "Johnson"). (Docs. # 2 and 3).  As in the magistrate court proceeding, the primary issues raised in Plaintiff's initial Complaint concerned a water well agreement involving Plaintiff, Johnson and Defendant Torres.  (*Compare* "Civil Complaint" from magistrate court, attached as Exhibit 6 to Doc. # 1-2 at pp. 22-25 *with* Doc. # 2 at pp. 1-4).

After obtaining legal counsel, Plaintiff was granted leave of the state district court to file an amended complaint.  Plaintiff filed her First Amended Complaint on June 10, 2016.   In her amended pleading, Plaintiff kept Defendant Torres as a party, added Defendants Ben Martinez and Pedro Chavez, and omitted prior defendant Valencia County.  (*See* First Amended Complaint, attached as Exhibit A to Notice of Removal – Doc. # 1-2).

In her First Amended Complaint, Plaintiff lists seven different counts or causes of action.  (*See* First Amended Complaint at pp. 8-14).  The first five counts are brought under state law:    Count I "Negligent Misrepresentation"; Count II "Negligent Interference of Easement"; Count III "Trespass and Slander to Chattels"; Count IV "Tortious Interference with Contract/Prospective Business Relations"; and Count V "Breach of Contract."   (First Amended Complaint at pp. 8-10).   All of these claims implicate the three-page water well agreement which is attached as Exhibit 3 to Plaintiff's First Amended Complaint.  (Doc. # 1-2 at pp. 17-19).  At Count VI, Plaintiff

brings claims against law enforcement officers Ben Martinez, Pedro Chavez and Defendant Torres under the New Mexico Tort Claims Act and federal constitutional law. (First Amended Complaint at ¶¶ 67-83).  Plaintiff's Count VII is not a cause of action, but rather a summary of Plaintiff's claimed damages.  (First Amended Complaint at ¶¶ 84-89).

The water well agreement provides that "Management of said well to be performed in accordance with the provisions below:"

> . . . Provides for binding arbitration of any dispute or impasse between parties with regard to the system or terms of agreement.  Binding arbitration shall be through the American Arbitration Association or a similar body and may be initiated at any time and by any party to the agreement.  Parties to the agreement shall equally share arbitration costs.

(Exhibit 3 to Plaintiff's First Amended Complaint, Doc. # 1-2 at pp. 17-18).  Invoking this provision, Defendant Torres filed his Motion to Compel Arbitration of Counts I through V of Plaintiff's First Amended Complaint on July 26, 2016.

## II.      ARGUMENT

### This Lawsuit Should be Stayed Pending a Decision on Defendant Torres' Motion to Compel Arbitration.

Court proceedings should be stayed pending a motion to compel arbitration.  *See, e.g., Halim v. Great Gatsby's Auction Gallery,* 516 F.3d 557, 561 (7th Cir. 2008) (when motion to compel arbitration is filed, court should stay proceedings rather than dismiss); *Lloyd v. Hovensa, LLC,* 369 F.3d 263, 269 (3d Cir. 2004) (stay required if requested following motion to compel arbitration); *Armijo v. Prudential Ins. Co.,* 72 F.3d 793, 797 (10th Cir. 1995) (error for a district court not to have stayed an action pending arbitration).

Here, Defendant Torres seeks arbitration on Counts I through V from Plaintiff's First Amended Complaint. These claims, all of which implicate the water well agreement, comprise the bulk of this lawsuit. This would leave only Count VI of Plaintiff's First Amended Complaint, where she makes state law tort claims and federal constitutional claims only against Martinez, Chavez[3] and Defendant Torres, all in their capacities as law enforcement officers. Therefore, granting a stay would be much more efficient manner of administering this lawsuit, especially in light of a pending motion to dismiss by Defendants Martinez and Chavez on qualified immunity grounds (and their corresponding motion to stay discovery), as well as Defendant Torres' Motion to Compel Arbitration.

### III.   CONCLUSION

WHEREFORE, premises considered, Defendant Torres respectfully requests the Court grant this Motion for a Stay of all proceedings pending resolution of his pending Motion to Compel Arbitration, and for such other and further relief as may be appropriate under the circumstances.

Respectfully submitted,

**QUIÑONES LAW FIRM**

By: _Electronically Filed /s/ Carlos M. Quiñones_
CARLOS M. QUIÑONES, ESQ.
1532 B Paseo de Peralta
Santa Fe, NM  87501
(505) 992-1515   (505) 992-1714 (fax)
*Attorney for Defendant Torres*

---

[3] Defendants Martinez and Chavez filed their Motion to Dismiss on the Basis of Qualified Immunity and Other Grounds on July 25, 2016 (Doc. # 24).

It is hereby certified that undersigned counsel filed the foregoing electronically through the CM/ECF system on July 26, 2016, which caused
the following counsel to be served by electronic means:

Pete V. Domenici, Jr., Esq.
Domenici Law Firm, P.C.
320 Gold Ave. SW, Ste. 1000
Albuquerque, NM 87102
(505) 883-6250
*Attorney for Plaintiff Cathy Routh*

Daniel J. Macke, Esq.
Julia Y. Mares, Esq.
Brown Law Firm, Brown & Gurulé
3777 The American Rd. NW, Ste. 100
Albuquerque, NM 87114
(505) 292-9677
*Attorneys for Defendants Ben Martinez and*
*Pedro Chavez*

John A. Frase, Esq.
Resnick & Louis, P.C.
3840 Masthead Street NE
Albuquerque, NM 87109
*Attorneys for Defendant Andrea Charleen Johnson*


  Electronically Filed /s/ Carlos M. Quiñones
CARLOS M. QUIÑONES