## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CATHY ROUTH,

       Plaintiff,

v.                                            CIV 16-0797 MV/KBM

ANDREA CHARLEEN JOHNSON,
KRISTOPHER DALE KATSCH,
CARL CARMELL ELERBY,
FRED BORALES a/k/a Frederico Marvin Torres,
in his official and personal capacity,
BEN MARTINEZ,
in his official and personal capacity,
PEDRO CHAVEZ, in his official and personal
Capacity,

       Defendants.

## <u>ORDER GRANTING MOTION TO STAY DISCOVERY</u>

**THIS MATTER** comes before the Court on Defendants Ben Martinez and

Pedro Chavez's Motion to Stay Discovery *(Doc. 25)*, which was filed July 25,

2016. The Court, having considered the motion, relevant law, and being

otherwise fully informed, finds that the motions shall be granted and that

discovery shall be stayed pending further order of the Court.

     In their motion to stay discovery, Defendants Martinez and Chavez

contend that discovery should be stayed pending the presiding judge's resolution

of their Motion to Dismiss on the Basis of Qualified Immunity *(Doc. 24)*.

Conflating the issue of a discovery stay with the merits of the motion to dismiss,

Plaintiff argues that Defendants' motion must fail because Defendants' "illegal

and intentional conduct" constitutes "[v]iolations of clearly established constitutional and statutory rights" to which qualified immunity does not apply. *Doc. 32* at 2.  The Court has little difficulty rejecting as meritless Plaintiff's basis for opposing a discovery stay.

"[Q]ualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation. Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citation omitted). Accordingly, in cases where qualified immunity is asserted in a dispositive motion, the movant is ordinarily entitled to a stay of discovery until the qualified immunity question is resolved. *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman*, 958 F.2d at 336.

Indeed, reaffirming its long-held view that discovery should be stayed when qualified immunity is asserted, the United States Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), reasoned as follows:

> The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery" . . . There are serious and legitimate reasons for this. If a government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the government . . . .

*Iqbal*, 556 U.S. at 685.

It is permissible for a defendant to raise the qualified immunity defense at various stages, including in an answer, in a motion to dismiss, in a motion for summary judgment, or at or after trial. *See Quezada v. County of Bernalillo*, 944 F.2d 710, 718 (10th Cir. 1991), *overruled on other grounds by Saucier v. Katz*, 553 U.S. 194, 121 (2001). Before *Iqbal*, it was somewhat unsettled among courts whether and under what circumstances discovery should be stayed on the basis of a qualified immunity assertion. For instance, there was a long-standing question as to the proper scope of a discovery stay when only certain defendants were entitled to assert a qualified immunity defense and others were not. *See, e.g., Rome v. Romero*, 225 F.R.D. 640, 644 (D. Colo. 2004) (determining that discovery could proceed as to those defendants who could not assert qualified immunity). However, after *Iqbal*, the law is clear that discovery should be stayed upon assertion of qualified immunity, even for those defendants not asserting the defense. *Iqbal*, 556 U.S. at 685.

In light of recent directives by the United States Supreme Court and the Tenth Circuit that discovery be stayed upon the assertion of qualified immunity, the Court concludes that Defendants here are entitled to a qualified immunity determination before undertaking the burdens of discovery and litigation. Here, the Court sees no reason to depart from the general rule that once a defendant files a dispositive motion asserting qualified immunity, discovery must be stayed. *See Jiron*, 392 F.3d at 414 (reasoning that because qualified immunity is an entitlement not to face the burdens of litigation, "[e]ven pretrial matters such as

discovery are to be avoided if possible"); *Workman*, 985 F.2d at 336 (concluding that discovery "should not be allowed" until the court makes a requested qualified immunity determination).

**Wherefore,**

IT IS HEREBY ORDERED that Defendants Ben Martinez and Pedro Chavez's Motion to Stay Discovery *(Doc. 25)* is granted.

IT IS FURTHER ORDERED that discovery is stayed in this matter pending resolution of Defendants' Motion to Dismiss on the Basis of Qualified Immunity *(Doc. 24).*

Dated this 31st day of August, 2016.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE