IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CATHY ROUTH,

    Plaintiff,

v.                                                                   CIV 16-0797 MV/KBM

ANDREA CHARLEEN JOHNSON,
KRISTOPHER DALE KATSCH,
CARL CARMELL ELERGY,
FRED MORALES a/k/a Frederico Marvin Torres,
in his official and personal capacity,
BEN MARTINEZ,
in his official and personal capacity,
PEDRO CHAVEZ, in his official and personal capacity,

    Defendants.

## **ORDER**

**THIS MATTER** came before the Court for a status conference on July 18, 2017. Having heard the arguments of counsel as to Defendant Torres' Motion for Order to Show Cause to Enforce Order Granting Motion to Stay Discovery and to Sanction Plaintiff and Her Attorneys for Contempt for Violating the Court's Discovery Stay Order (*Doc. 68*) and as to Plaintiff's Motion for the Magistrate to Clarify her Order Staying Discovery (*Doc. 71*), the Court provided at that status conference its rulings and rationale, which it incorporates herein.

In his motion for an order to show cause, Defendant Fred Morales a/k/a Federico Marvin Torres ("Defendant Torres") argues that Plaintiff's unilateral initiation of arbitration proceedings "willfully" and in "bad faith" violated the Court's August 31, 2016 Order Staying Discovery and "the precepts underlying the

qualified immunity defense." *Doc. 68* at 4. He insists that there should be no arbitration proceeding running parallel to the proceedings in this Court and that Plaintiff has "persisted in pursuing discovery through an arbitration proceeding." *Id.* at 6.

In response, Plaintiff maintains that she did not violate the Court's discovery order by initiating an arbitration proceeding as to her dispute with Defendant Torres, as she does not require discovery for purposes of arbitration. *Id.* at 3. She emphasizes that Defendant Torres has not asserted qualified immunity and that Defendants Ben Martinez and Pedro Chavez, the parties who did move to dismiss on the basis of qualified immunity, are not subject to arbitration. *Id.* at 1. She also notes that Defendant Torres himself moved to compel arbitration in this case and suggests that he is therefore "bound to arbitrate." *Id.* at 6.

Relatedly, in her motion for clarification, Plaintiff asks the Court to clarify whether its August 31, 2016 Order Granting Motion to Stay Discovery "includes a stay of AAA proceedings between Torres and Plaintiff" and whether it allows the court "discretion to narrowly tailor any discovery Torres may request." *Doc. 71* at 3.

First, as stated at the July 18, 2017 status conference, the Court will grant Plaintiff's motion for clarification, and will clarify that its August 31, 2016 Order stays discovery as to the federal proceedings currently pending before this Court. Further, the Court does not authorize any limited discovery in these federal proceedings in the absence of a live controversy (i.e. a motion by a party).

Second, given that the Court's discovery stay was calculated to protect the Defendants who had asserted a qualified immunity defense and that Defendant Torres' Motion to Compel Arbitration (*Doc. 27*) was pending with the Court at the time Plaintiff initiated arbitration proceedings, the Court is not persuaded that Plaintiff violated the discovery stay by initiating arbitration proceedings. Under these circumstances, the Court will deny Defendant Torres' motion for an order to show cause and will decline to sanction Plaintiff or her attorneys for initiating arbitration proceedings while the discovery stay was in place.

    **IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE