IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CATHY ROUTH,

   Plaintiff,

v.                 CV 16-CV-797-MV/KBM

ANDREA CHARLEEN JOHNSON,
KRISTOPHER DALE KATSCH,
CARL CARMELL ELLERBY,
FRED MORALES a/k/a Frederico Marvin Torres,
in his official and personal capacity,
BEN MARTINEZ, in his official and personal capacity,
PEDRO CHAVEZ, in his official and personal capacity,

   Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Motion to Dismiss on the Basis of Qualified Immunity and on Other Grounds [Doc. 24]. The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be granted.

## BACKGROUND

The relevant facts as alleged in the Complaint are as follows. In February 2014, Plaintiff Cathy Routh bought three lots in Los Lunas, New Mexico (the "Property"). Doc. 1-2 at ¶ 13. Plaintiff purchased her Property with an easement on the neighboring property owned by Defendant Fred Morales a/k/a Frederico Marvin Torres ("Torres") ("Torres' Property"), which allows Plaintiff access to a well on Torres' Property (the "Well"). Id. at ¶ 14. In July 2014, Defendants Andrea Charleen Johnson, Kristopher Dale Katch, and Carl Carmell Elerby became tenants on Torres' Property. Id. at ¶ 22.

Plaintiff's Property is supplied with water from the Well pursuant to a binding, enforceable and recorded water well agreement (the "Agreement") that has not been dissolved and assures continuity of water service to Plaintiff's Property. Id. at ¶ 15. Under the Agreement, Torres is prohibited from making any improvements to his Property that would impair Plaintiff's use of her easement to access the Well. Id. at ¶ 16. Also under the Agreement, Plaintiff is entitled to access the Well for system operation, maintenance, improvement, and testing, and to effect repairs and maintenance in the event of an emergency, *i.e.*, when water is not being delivered properly to her Property. Id. at ¶ 17.

From in or about February 2014 through August 2015, Torres, along with Johnson, Katch and Elerby, engaged in various improper acts that interfered with Plaintiff's access to the Well and with water service from the Well to her Property, including charging Plaintiff for improvements in violation of the Agreement, threatening Plaintiff and her tenants, demanding excessive payments from Plaintiff's tenants for water use in violation of the Agreement, placing "No Trespass" signs on Plaintiff's easement, damaging Plaintiff's water lines and valves, and blocking access to prohibit repairs thereto, and repeatedly shutting off the delivery of water to Plaintiff's Property. Id. at ¶¶ 19-38. These improper acts caused Plaintiff various harms, including the loss of rental income, the inability to start a business that she had planned for her Property and thus the loss of potential profit from such business, the salvaged sale of and loss of equity in mobile homes on her Property, a reduction in the value of her Property due to lack of water, needless costs for repairs, and ultimately, the abandonment of her Property. Id.

In response to the improper acts of Torres, Johnson, Katch and Elerby, Plaintiff called the Sheriff's Department on three occasions in August 2015, and attempted to file a police report. Id. at ¶ 31. Torres, along with Defendant Ben Martinez, and Defendant Pedro Chavez, all

Valencia County Deputy Sheriffs, did not allow Plaintiff to file a police report. Id. At some point, Plaintiff again contacted the Sheriff's Department, and Martinez responded to the call. Id. at ¶ 33. Martinez told Plaintiff that Torres was "handling the matter," and that Plaintiff "would have to go to court to get access to the Well and water system." Id. Martinez further told Plaintiff "not to cross a line to make the needed repairs." Id. Plaintiff contacted Martinez and Chavez "several times to report the interference with and trespass on her easement, damage to water lines and valves" by Torres, Johnson, Katch, and Elerby. Id. at ¶ 34. Martinez and Chavez, "under the direction" of Torres, "took no action" on Plaintiff's complaints, stating that Torres was "taking care of the matter." Id. at ¶ 35.

Based on these allegations, on June 10, 2016, Plaintiff commenced the instant action in New Mexico state court, alleging negligent misrepresentation as to Johnson, Torres, Martinez, and Chavez (Count I), negligent interference of easement as to all Defendants (Count II), trespass and slander to chattels as to all Defendants (Count III), tortious interference with contract/prospective business relations as to all Defendants (Count IV), breach of contract (Count V), and violation of the Tort Claims Act and deprivation of state and federal constitutional rights (Count VI) as to Martinez, Chavez, and Torres. Doc. 1-2. In Count VII, Plaintiff seeks damages based on the violations alleged in Counts I through VI of the Complaint.

Martinez and Chavez removed the case to this Court on July 16, 2016. Doc. 1. On October 25, 2017, Johnson was dismissed from this case by stipulation of the parties. Doc. 73. On January 31, 2018, all counts against Torres were dismissed by stipulation of the parties, other than Count VI and Count VII to the extent that Count II seeks damages based on the violations alleged in Count VI. Doc. 79.

On July 25, 2016, Martinez and Chavez filed the instant motion to dismiss in its entirety

the Complaint as against them ("Martinez/Chavez Motion"). Doc. 24. On February 21, 2018, Torres filed a Motion for Summary Judgment on the Basis of Qualified Immunity and Other Grounds ("Torres Motion") [Doc. 81]. Plaintiff opposes the motions.

## LEGAL STANDARD

Under Rule 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1142 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

The Court in *Iqbal* identified "two working principles" in the context of a motion to dismiss. *Id.* First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *see Twombly*, 550 U.S. at 570 (holding that a plaintiff must "nudge" her claims "across the line from conceivable to plausible"). Accordingly, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (citation omitted).

In keeping with these two principles, the Court explained,

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Id.* at 679.

In the instant case, Defendants move to dismiss the claims alleging federal constitutional violations by them on the basis of qualified immunity. Qualified immunity protects government officials performing discretionary functions "when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011). The Court employs a two-part test to analyze a qualified immunity defense. *Id.* Accordingly, "[i]n resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Id.* The Court has "the freedom to decide 'which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.'" *Lundstrom v. Romero*, 616 F.3d 1108,

5

1118 (10th Cir. 2010) (quoting *Pearson v. Callahan*, 555 U.S. 223 (2009)).

"A constitutional right is clearly established when, at the time of the alleged violation, the contours of the right were sufficiently clear that a reasonable official would understand that his [or her] actions violate that right." *Lundstrom*, 616 F.3d at 1118-19 (citation omitted). "This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition." *Fisher v. City of Las Cruces*, 584 F.3d 888, 900 (10th Cir. 2009) (citation omitted). Accordingly, a "plaintiff must do more than identify in the abstract a clearly established right and allege that the defendant has violated it." *Lundstrom*, 616 F.3d at 1119. Specifically, a "plaintiff must show legal authority making it apparent that in light of pre-existing law a reasonable official would have known that the conduct in question violated the constitutional right at issue." *Id.*

## DISCUSSION

In Count VI of the Complaint, Plaintiff alleges, *inter alia*, that Torres, Martinez, and Chavez violated her rights under the Fourteenth and Fourth Amendments to the United States Constitution, and in Count VII, she seeks damages based on those alleged violations. These are the only federal claims that Plaintiff has asserted in this action. As noted above, on the Torres Motion, Torres moved, *inter alia*, for summary judgment on Plaintiff's federal claims against him on the basis of qualified immunity. On the instant motion, Martinez and Chavez move, *inter alia*, to dismiss Plaintiff's federal claims against them on the basis of qualified immunity. As set forth herein, the Court agrees that qualified immunity bars Plaintiff's federal constitutional claims against Martinez and Chavez and that dismissal of those claims thus is warranted. And in a contemporaneous Memorandum Opinion and Order, the Court finds that qualified immunity bars Plaintiff's federal constitutional claims against Torres and that summary judgment on those

claims thus is warranted. Accordingly, taken together, the instant Memorandum Opinion and the Memorandum Opinion on the Torres Motion dismiss all of the federal claims in this action. As further set forth herein, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against any of the Defendants, and thus will remand those claims to the Thirteenth Judicial District Court for the State of New Mexico for further proceeding.

I.  Plaintiff's Federal Constitutional Claims

Plaintiff claims that by failing to take action on her repeated complaints to the Sheriff's Department and by telling her not to enter Torres' property to access the Well or make repairs to her water line "without a court order," Martinez and Chavez violated her rights to procedural and substantive due process and equal protection under the Fourteenth Amendment, and her right to be free from the seizure of her property under the Fourth Amendment. The crux of Plaintiff's claims against Martinez and Chavez is that they refused to assist her in her efforts "to establish, settle, and protect what she deems to be her rights to property." *Phillips v. Kerns*, 483 F. App'x 400, 402 (10th Cir. 2012). Plaintiff's allegations, however, which do not "identify any heavy hand of the government on her," simply do not make out a violation of any constitutional right. *Id.*

First, with regard to Plaintiff's procedural due process and unreasonable seizure claims, Plaintiff alleges that Martinez and Chavez were "recklessly and callously indifferent to Plaintiff's constitutional rights to protect her water system chattels and possessory right of easement and water . . . and to be free from unreasonable interference of Torres and other private citizen Defendants." Doc. 1-2 at ¶71-72. "Under the Fourteenth Amendment, procedural due process requires notice and a pre-deprivation hearing before property interests are negatively affected by governmental actors." *Marcus v. McCollum*, 394 F.3d 813, 818 (10th Cir. 2004)

7

(citation omitted). "The Fourth Amendment prohibition against unreasonable search and seizure is implicated when there is some meaningful interference with an individual's possessory interests in [her] property." *Id.* (citation omitted). In order to state a violation of either the Fourteenth or the Fourth Amendment, however, there must be allegations of governmental or state action, rather than merely private conduct, "which however discriminatory or wrongful," is not subject to constitutional prohibitions. *Id.* (citation omitted). Accordingly, "[g]overnmental defendants normally can be held responsible for a private decision only when [they have] exercised coercive power or [have] provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Id.* (quoting *Blum v. Yaretsy*, 457 U.S. 992, 1004-05 (1982)). "Mere approval or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives." *Id.* (quoting *Blum*, 457 U.S. at 1004-05).

In the instant case, Plaintiff does not allege that actions taken by Martinez or Chavez, in the first instance, "negatively affected" her interest in water from the Well, or caused "meaningful interference" with her possessory interests in water from the Well. Rather, Plaintiff alleges that it was Torres, Johnson, Katch and Elerby who blocked her access to water from the Well, thereby negatively affecting and meaningfully interfering with her alleged property right thereto. Nowhere does Plaintiff allege that Martinez or Chavez were involved with Torres, Johnson, Katch and Elerby in blocking Plaintiff's access to water from the Well, much less exercised coercive power over, or provided significant overt or covert encouragement to them in blocking Plaintiff's access to water from the Well. Instead, with regard to Martinez and Chavez, Plaintiff alleges only that, *after the fact*, they failed to intervene on her behalf, either by following up on her complaints or by granting her access to Torres' property. Thus, in essence,

Plaintiff claims that Martinez and Chavez violated her Fourth and Fourteenth Amendment rights by failing to assist her in restoring her alleged property right, *i.e.*, access to water from the Well.

Plaintiff, however, had no constitutional right to have Martinez and Chavez follow up on her complaints. *Phillips*, 483 F. App'x at 402 ("[T]here is no right under the Due Process Clause, either procedural or substantive, to have the police enforce a restraining order or to arrest some third party.") (citing *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 749 (2005) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")); *Griego v. City of Albuquerque*, 100 F. Supp. 3d 1192, 1226 (D.N.M. 2015) ("There is no constitutional right to have police conduct a full, proper, or even competent investigation."). Nor did Plaintiff have a constitutional right to assistance in accessing the Well on Torres' property, regardless of whether she was legally entitled to do so, as the state has "no constitutional duty to provide substantive services for those within its border." *DeShaney v. Winnebago Cty. Dep't of Soc. Serv.*, 489 U.S. 189, 196 (1989). The Due Process Clause of the Fourteenth Amendment "is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security." *Id.* at 195-96 (citations omitted). Accordingly, the Due Process Clause confers "no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Id.* at 196 (citations omitted).

Further, as *Marcus* makes clear, there can be no constitutional violation without state action. And the failure of an officer to intervene on behalf of one private party in the context of an attempted repossession of property does not constitute state action. *Marcus*, 394 F.3d at 818 ("[O]fficers are not state actors during a private repossession if they act only to keep the peace, but they cross the line if they affirmatively intervene to aid the repossessor."). In fact, quite to

9

the contrary, Martinez and Chavez may have been subject to liability for violating *Torres'* constitutional rights if they had, as Plaintiff urges they should have, assisted her repossession efforts. *Id.* at 819 ("[T]he overarching lesson of the case law is that officers may act to diffuse a volatile situation, but may not aid the repossessor in such a way that the repossession would not have occurred but for their assistance.").

In *Phillips*, much as Plaintiff here, the plaintiff was "engaged in an ongoing battle for a considerable period of time" with her neighbor, and argued, among other things, "improper blocking of the road, unauthorized erection of a fence, [and] obstruction of her access to an electrical box attached to a pole by the fence." 483 F. App'x at 403. Just as the Court explained in upholding the dismissal of the plaintiff's constitutional claims in *Phillips*, the issues raised by Plaintiff herein "are civil, not police, matters which she must pursue in civil actions in the state courts. She is simply not entitled to have the police do that work for her." *Id.* Accordingly, the facts alleged by Plaintiff do not make out a violation by Martinez or Chavez of her procedural due process rights under the Fourteenth Amendment or of her right to be free from unreasonable seizures under the Fourth Amendment.

Next, with regard to Plaintiff's substantive due process claim, Plaintiff alleges that Martinez and Chavez "were recklessly and callously indifferent to Plaintiff's constitutional rights of due process to protect her property rights, as such rights are held subject to the fair exercise of police power." Doc. 1-2 at ¶ 77. "The Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Doe v. Heil*, 533 F. App'x 831, 841 (10th Cir. 2013), *cert. denied*, 134 S. Ct. 1309 (2014) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)). As Plaintiff acknowledges, "[t]he 'ultimate' standard for determining whether there has been a

substantive due process violation is 'whether the challenged government action shocks the conscience of federal judges.'" *Moore v. Guthrie*, 438 F.3d 1036, 1040 (10th Cir. 2006) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1183 (10th Cir. 2002)). In order to meet this standard, "a plaintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." *Ruiz*, 299 F.3d at 1184. Importantly, the right to substantive due process is not implicated unless "the Government activity in question violates some protected right." *Hampton v. United States*, 425 U.S. 484, 490 (1976).

Here, Plaintiff alleges that, in the face of a dispute between private parties over access to a well, Martinez and Chavez declined to take action, based on Plaintiff's word alone, to assist her in securing her alleged right of access to the Well. These allegations, if proven, would demonstrate neither a degree of outrageousness nor a magnitude of harm that is clearly conscience shocking. Further, as discussed above, the government activity in question, namely, the refusal of Martinez and Chavez to aid Plaintiff in restoring her alleged right of access to the Well, did not violate any protected right. *See Gonzales*, 545 U.S. at 755 (The "'substantive' component of the Due Process Clause does not 'requir[e] the State to protect the life, liberty, and property of its citizens against invasion by private actors'") (quoting *DeShaney*, 489 U.S. at 195). Accordingly, the facts alleged by Plaintiff do not make out a violation by Martinez or Chavez of her substantive due process rights under the Fourteenth Amendment.

Finally, with regard to Plaintiff's equal protection claim, Plaintiff contends that Martinez and Chavez treated her differently from how they treated "similarly situated" tenants on Torres' property, without a rational basis. Doc. 31 at 17. In order to state a "class-of-one" equal protection claim, as she purports to do here, Plaintiff must allege that "a public official inflicts a cost or burden on one person without imposing it on those who are similarly situated in material

respects, and does so without any conceivable basis other than a wholly illegitimate motive."
*Jicarilla Apache Nation v. Rio Arriba Cty.*, 440 F.3d 1202, 1209 (10th Cir. 2006). The Complaint, however, is devoid of any allegations that depict how Martinez or Chavez treated anyone other than Plaintiff, let alone any of Torres' tenants. Indeed, there are no allegations that even suggest, much less explain, how any of Torres' tenants were "similarly situated" to Plaintiff in the first instance. Accordingly, the facts alleged by Plaintiff do not make out a class-of-one equal protection claim against Martinez or Chavez under the Fourteenth Amendment.

For the foregoing reasons, the facts alleged by Plaintiff fail to make out any federal constitutional claims against Martinez or Chavez. Accordingly, the first prong of the qualified immunity analysis is not met. Martinez and Chavez thus are entitled to dismissal of Plaintiff's federal constitutional claims.

II.     Plaintiff's Pendant State Law Claims

In addition to her federal constitutional claims against Martinez and Chavez, Plaintiff's Complaint includes various claims against Martinez, Chavez, Torres, Elerby and Katsch arising from New Mexico law. The Court's pendent jurisdiction over these state law claims "is exercised on a discretionary basis," and the Tenth Circuit has generally held that "if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (citations omitted). The Tenth Circuit has explained its general disinclination "to exercise pendent jurisdiction in such instances because notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Id.* at 1230 (citations omitted).

Having determined in this Memorandum Opinion and Order that Plaintiff's Fourth and

12

Fourteenth Amendment claims against Martinez and Chavez are subject to dismissal, and having determined in a contemporaneous Memorandum Opinion and Order that Plaintiff's Fourth and Fourteenth Amendment claims against Torres are subject to summary judgment in Torres' favor, only the supplemental or pendent state law issues of violations under the Tort Claims Act, negligent misrepresentation, negligent interference of easement, trespass and slander to chattels, and tortious interference with contract remain. The Court finds that these issues are best left for a state court's determination. *Brooks*, 614 F.3d at 1230. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and will remand them to the Thirteenth Judicial District Court for the State of New Mexico for further proceeding. *Id.*

## CONCLUSION

For the foregoing reasons, Martinez and Chavez are entitled to qualified immunity on Plaintiff's federal constitutional claims. Plaintiff's federal constitutional claims against Martinez and Chavez, as alleged in Count VI of the Complaint, thus must be dismissed. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and thus remands them the Thirteenth Judicial District Court for the State of New Mexico for further proceeding.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss on the Basis of Qualified Immunity and on Other Grounds [Doc. 24] is **GRANTED** and Plaintiff's federal constitutional claims against Martinez and Chavez are dismissed with prejudice.

DATED this 28th day of September, 2018.

_____
MARTHA VÁZQUEZ
United States District Judge