IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CATHY ROUTH,

      Plaintiff,

v.                                                         CV 16-CV-797-MV/KBM

ANDREA CHARLEEN JOHNSON,
KRISTOPHER DALE KATSCH,
CARL CARMELL ELLERBY,
FRED MORALES a/k/a Frederico Marvin Torres,
in his official and personal capacity,
BEN MARTINEZ, in his official and personal capacity,
PEDRO CHAVEZ, in his official and personal capacity,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant Frederico Marvin Torres' Motion for Summary Judgment on the Basis of Qualified Immunity and Other Grounds [Doc. 81]. The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be granted.

**BACKGROUND**

"The [relevant] facts supported by evidence, [viewed] in the light most favorable to [Plaintiff]" as the party opposing summary judgment, are as follows. *Cavanaugh v. Woods Cross City*, 625 F.3d 661, 662 (10th Cir. 2010). In February 2014, Plaintiff Cathy Routh bought three lots in Los Lunas, New Mexico (the "Property"). Doc. 83-1 at ¶ 4. Plaintiff purchased her Property with an easement on the neighboring property owned by Defendant Fred Morales a/k/a Frederico Marvin Torres ("Torres") ("Torres' Property"), which allows Plaintiff access to a well on Torres' Property (the "Well"). Id. at ¶ 5. Torres is a Valencia County Deputy Sheriff. Doc.

81-1 at ¶ 3.  In July 2014, Defendants Andrea Charleen Johnson, Kristopher Dale Katch, and Carl Carmell Elerby became tenants on Torres' Property.  Doc. 83-1 at ¶ 6.

Plaintiff's Property is supplied with water from the Well pursuant to a well share agreement (the "Agreement").  Id. at ¶ 5.  Under the Agreement, Torres is prohibited from making any improvements to his Property that would impair Plaintiff's use of her easement to access the Well.  Id.

From in or about February 2014 through August 2015, Torres, along with Johnson, Katch and Elerby, engaged in various improper acts that interfered with Plaintiff's access to the Well and with water service from the Well to her Property, including charging Plaintiff for improvements in violation of the Agreement, threatening and intimidating Plaintiff and her tenants, demanding excessive payments from Plaintiff's tenants for water use in violation of the Agreement, placing "No Trespass" signs on Plaintiff's easement, damaging Plaintiff's water lines and valves, and blocking access to prohibit repairs thereto, and repeatedly shutting off the delivery of water to Plaintiff's Property.  Id. at ¶¶ 7-22.  These improper acts caused Plaintiff various harms, including the loss of rental income, the inability to start a business that she had planned for her Property and thus the loss of potential profit from such business, the salvaged sale of and loss of equity in mobile homes on her Property, ruined credit, a reduction in the value of her Property due to lack of water, needless costs for repairs, and ultimately, the abandonment of her Property.  Id. at ¶¶ 9-10, 25-26.

In response to the improper acts of Torres, Johnson, and others, Plaintiff called the Sheriff's Department on three occasions in August 2015, to file reports and to seek investigation into the improper acts of Torres, Johnson and others.  Id. at ¶ 20.  The Sheriff's Department did not file any reports or investigate Plaintiff's claims, but rather told her that Torres "was taking

care of it." Id. At some point, Plaintiff again contacted the Sheriff's Department, and Defendants Ben Martinez and Pedro Chavez, both Valencia County Deputy Sheriffs and colleagues of Torres, told Plaintiff that Torres "was taking care of it." Id. at ¶ 23. After Torres told Martinez to request that Plaintiff's tenants not trespass onto his property, Doc. 81-1 at ¶ 31, Martinez further told Plaintiff not to cross a line at the scene to make repairs, and that she would have to go to court to get water or to get access to the water easement and water system. Id. Plaintiff understood from Martinez that Torres had advised him that he, Torres, had authorized that Plaintiff's water be shut off. Id. at ¶ 24. Torres, Chavez, and Martinez refused to take any further police action on Plaintiff's complaints. Id.

Based on these facts, on June 10, 2016, Plaintiff commenced the instant action in New Mexico state court, alleging negligent misrepresentation as to Johnson, Torres, Martinez, and Chavez (Count I), negligent interference of easement as to all Defendants (Count II), trespass and slander to chattels as to all Defendants (Count III), tortious interference with contract/prospective business relations as to all Defendants (Count IV), breach of contract (Count V), and violation of the Tort Claims Act and deprivation of state and federal constitutional rights (Count VI) as to Martinez, Chavez, and Torres. Doc. 1-2. In Count VII, Plaintiff seeks damages based on the violations alleged in Counts I through VI of the Complaint.

Martinez and Chavez removed the case to this Court on July 16, 2016. Doc. 1. On October 25, 2017, Johnson was dismissed from this case by stipulation of the parties. Doc. 73. On January 31, 2018, all counts were dismissed as to Torres by stipulation of the parties, except Count VI and Count VII (to the extent that Count VII seeks damages based on the violations alleged in Count VI). Doc. 79.

On July 25, 2016, Martinez and Chavez filed a Motion to Dismiss on the Basis of

3

Qualified Immunity and on Other Grounds ("Martinez/Chavez Motion") [Doc. 24]. On February 21, 2018, Torres filed the instant motion for summary judgment on the remaining claims against him ("Torres Motion"). Doc. 81. Plaintiff opposes the motions.

## LEGAL STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the initial burden of establishing that there is an absence of evidence to support the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant meets this burden, the non-movant must come forward with specific facts, supported by admissible evidence, that demonstrate the existence of a genuine dispute. *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1526 n. 11 (10th Cir. 1992). The court "construe[s] the factual record and the reasonable inferences therefrom in the light most favorable to the nonmoving party." *Mata v. Saiz*, 427 F.3d 745, 749 (10th Cir. 2005).

In the instant case, Defendants move for summary judgment on the basis of qualified immunity. Qualified immunity protects government officials performing discretionary functions "when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011). In keeping with the purposes of qualified immunity, "special rules apply when an official raises a defense of qualified immunity on summary judgment." *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 779 (10th Cir. 1993). Specifically, "qualified immunity requires a two-step sequence." *Morris v. Noe*, 672 F.3d 1185, 1191 (10th Cir. 2012) (citation omitted). "When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional

right was clearly established." *Id.* (citation omitted). "If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity." *Gross v. Pirtle*, 245 F.3d 1151, 1156 (10th Cir. 2001). The court has "the freedom to decide 'which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.'" *Lundstrom v. Romero*, 616 F.3d 1108, 1118 (10th Cir. 2010) (quoting *Pearson v. Callahan*, 555 U.S. 223 (2009)).

"A constitutional right is clearly established when, at the time of the alleged violation, the contours of the right were sufficiently clear that a reasonable official would understand that his actions violate that right." *Lundstrom*, 616 F.3d at 1118-19 (citation omitted). "This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition." *Fisher v. City of Las Cruces*, 584 F.3d 888, 900 (10th Cir. 2009) (citation omitted). Accordingly, a "plaintiff must do more than identify in the abstract a clearly established right and allege that the defendant has violated it." *Lundstrom*, 616 F.3d at 1119. Specifically, a "plaintiff must show legal authority making it apparent that in light of pre-existing law a reasonable official would have known that the conduct in question violated the constitutional right at issue." *Id.*

## DISCUSSION

In Count VI of the Complaint, Plaintiff alleges, *inter alia*, that Torres, Martinez, and Chavez violated her rights under the Fourteenth and Fourth Amendments to the United States Constitution, and in Count VII, she seeks damages based on those alleged violations. These are the only federal claims that Plaintiff has asserted in this action. As noted above, on the Martinez/Chavez Motion, Martinez and Chavez moved, *inter alia*, to dismiss Plaintiff's federal claims against them on the basis of qualified immunity. On the instant motion, Torres moves,

*inter alia*, for summary judgment in his favor on Plaintiff's federal constitutional claims against him on the basis of qualified immunity. As set forth herein, the Court agrees that qualified immunity bars Plaintiff's federal constitutional claims against Torres and that summary judgment on those claims thus is warranted. And in a contemporaneous Memorandum Opinion and Order, the Court finds that qualified immunity bars Plaintiff's federal constitutional claims against Martinez and Chavez and that dismissal on those claims thus is warranted. Accordingly, taken together, the instant Memorandum Opinion and the Memorandum Opinion on the Chavez/Martinez Motion dismiss all of the federal claims in this action. As further set forth herein, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against any of the Defendants, and thus will remand those claims to the Thirteenth Judicial District Court for the State of New Mexico for further proceeding.

I.      Plaintiff's Federal Constitutional Claims against Torres in His Individual Capacity

In support of her federal constitutional claims against Torres, Plaintiff argues that Torres used his influence as a fellow Deputy Sheriff to convince Martinez and Chavez to take his side in his dispute with Plaintiff over her access to the Well. Doc. 83 at 17, 19, 21. Specifically, Plaintiff claims that as a direct result of Torres' improper influence, Martinez and Chavez failed to take action on Plaintiff's repeated complaints to the Sheriff's Department and told her not to enter Torres' property to access the Well or make repairs to her water line "without a court order," which, according to Plaintiff, violated her rights to procedural and substantive due process and equal protection under the Fourteenth Amendment, and her right to be free from the seizure of her property under the Fourth Amendment. Id. Thus, Plaintiff contends, Torres "impermissibly directed his law enforcement colleagues into inaction and other unconstitutional conduct." Id. at 21. Based on his "direction" of Martinez and Chavez to commit constitutional

6

violations, Plaintiff argues that Torres, too, is equally liable for committing those constitutional violations. Id. at 19.

As set forth herein, however, none of the actions or inactions attributed to Martinez and Chavez amounts to a federal constitutional violation. The crux of Plaintiff's claims is that Martinez and Chavez refused to assist her in her efforts "to establish, settle, and protect what she deems to be her rights to property." *Phillips v. Kerns*, 483 F. App'x 400, 402 (10th Cir. 2012). Neither Plaintiff's allegations nor the undisputed facts "identify any heavy hand of the government on her," and thus simply do not make out a violation of any constitutional right. *Id.* As none of the conduct attributed to Martinez or Chavez violated Plaintiff's federal constitutional rights, it follows that Torres cannot be held liable for violating Plaintiff's constitutional rights by virtue of having caused Martinez and Chavez's nonactionable conduct in the first instance.

First, with regard to Plaintiff's procedural due process and unreasonable seizure claims, Plaintiff alleges that Torres, Martinez and Chavez were "recklessly and callously indifferent to Plaintiff's constitutional rights to protect her water system chattels and possessory right of easement and water . . . and to be free from unreasonable interference of Torres and other private citizen Defendants." Doc. 1-2 at ¶71-72. "Under the Fourteenth Amendment, procedural due process requires notice and a pre-deprivation hearing before property interests are negatively affected by governmental actors." *Marcus v. McCollum*, 394 F.3d 813, 818 (10th Cir. 2004) (citation omitted). "The Fourth Amendment prohibition against unreasonable search and seizure is implicated when there is some meaningful interference with an individual's possessory interests in [her] property." *Id.* (citation omitted). In order to establish a violation of either the Fourteenth or the Fourth Amendment, however, there must be evidence of governmental or state

7

action, rather than merely private conduct, "which however discriminatory or wrongful," is not subject to constitutional prohibitions. *Id.* (citation omitted). Accordingly, "[g]overnmental defendants normally can be held responsible for a private decision only when [they have] exercised coercive power or [have] provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Id.* (quoting *Blum v. Yaretsy*, 457 U.S. 992, 1004-05 (1982)). "Mere approval or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives." *Id.* (quoting *Blum*, 457 U.S. at 1004-05).

In the instant case, the undisputed facts do not demonstrate that any actions taken by Martinez or Chavez, in the first instance, "negatively affected" Plaintiff's interest in water from the Well, or caused "meaningful interference" with her possessory interests in water from the Well. Rather, the facts show that it was Torres, in his private capacity as a neighboring landowner, along with Johnson and others who blocked Plaintiff's access to water from the Well, thereby negatively affecting and meaningfully interfering with her alleged property right thereto. Nowhere does Plaintiff establish that Martinez or Chavez were involved in blocking Plaintiff's access to water from the Well, much less exercised coercive power over, or provided significant overt or covert encouragement to those responsible for blocking Plaintiff's access to water from the Well. Instead, with regard to Martinez and Chavez, the undisputed facts show that, *after the fact*, they failed to intervene on her behalf, either by following up on her complaints or by granting her access to Torres' property. Thus, in essence, Plaintiff claims that Martinez and Chavez – and by extension, Torres – violated her Fourth and Fourteenth Amendment rights by failing to assist her in restoring her alleged property right, *i.e.*, access to water from the Well.

Plaintiff, however, had no constitutional right to have Martinez, Chavez, Torres, or any law enforcement officer follow up on her complaints. *Phillips*, 483 F. App'x at 402 ("[T]here is no right under the Due Process Clause, either procedural or substantive, to have the police enforce a restraining order or to arrest some third party.") (citing *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 749 (2005) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")); *Griego v. City of Albuquerque*, 100 F. Supp. 3d 1192, 1226 (D.N.M. 2015) ("There is no constitutional right to have police conduct a full, proper, or even competent investigation."). Nor did Plaintiff have a constitutional right to assistance in accessing the Well on Torres' property, regardless of whether she was legally entitled to do so, as the state has "no constitutional duty to provide substantive services for those within its border." *DeShaney v. Winnebago Cty. Dep't of Soc. Serv.*, 489 U.S. 189, 196 (1989). The Due Process Clause of the Fourteenth Amendment "is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security." *Id.* at 195-96 (citations omitted). Accordingly, the Due Process Clause confers "no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Id.* at 196 (citations omitted).

Further, as *Marcus* makes clear, there can be no constitutional violation without state action. And the failure of an officer to intervene on behalf of one private party in the context of an attempted repossession of property does not constitute state action. *Marcus*, 394 F.3d at 818 ("[O]fficers are not state actors during a private repossession if they act only to keep the peace, but they cross the line if they affirmatively intervene to aid the repossessor."). In fact, quite to the contrary, Martinez and Chavez may have been subject to liability for violating *Torres'*

9

constitutional rights if they had, as Plaintiff urges they should have, assisted her repossession efforts. *Id.* at 819 ("[T]he overarching lesson of the case law is that officers may act to diffuse a volatile situation, but may not aid the repossessor in such a way that the repossession would not have occurred but for their assistance.").

In *Phillips*, much as Plaintiff here, the plaintiff was "engaged in an ongoing battle for a considerable period of time" with her neighbor, and argued, among other things, "improper blocking of the road, unauthorized erection of a fence, [and] obstruction of her access to an electrical box attached to a pole by the fence." 483 F. App'x at 403. Just as the Court explained in upholding the dismissal of the plaintiff's constitutional claims in *Phillips*, the issues raised by Plaintiff herein "are civil, not police, matters which she must pursue in civil actions in the state courts. She is simply not entitled to have the police do that work for her." *Id*. Accordingly, the undisputed facts do not show a violation by Martinez or Chavez of her procedural due process rights under the Fourteenth Amendment or of her right to be free from unreasonable seizures under the Fourth Amendment. Because Plaintiff thus has not shown that Martinez or Chavez violated her procedural due process rights under the Fourteenth Amendment or her right to be free from unreasonable seizures under the Fourth Amendment, it follows that Plaintiff has not shown that Torres violated those rights by directing or influencing Martinez and Chavez.

Next, with regard to Plaintiff's substantive due process claim, Plaintiff alleges that Torres, Martinez and Chavez "were recklessly and callously indifferent to Plaintiff's constitutional rights of due process to protect her property rights, as such rights are held subject to the fair exercise of police power." Doc. 1-2 at ¶ 77. "The Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Doe v. Heil*, 533 F. App'x 831, 841 (10th

Cir. 2013), *cert. denied*, 134 S. Ct. 1309 (2014) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)). As Plaintiff acknowledges, "[t]he 'ultimate' standard for determining whether there has been a substantive due process violation is 'whether the challenged government action shocks the conscience of federal judges.'" *Moore v. Guthrie*, 438 F.3d 1036, 1040 (10th Cir. 2006) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1183 (10th Cir. 2002)). In order to meet this standard, "a plaintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." *Ruiz*, 299 F.3d at 1184. Importantly, the right to substantive due process is not implicated unless "the Government activity in question violates some protected right." *Hampton v. United States*, 425 U.S. 484, 490 (1976).

Here, the undisputed facts demonstrate that, in the face of a private dispute over Plaintiff's access to a well located on Torres' property, Martinez and Chavez declined to take action to assist Plaintiff in securing her alleged right of access to the Well. These facts demonstrate neither a degree of outrageousness nor a magnitude of harm that is clearly conscience shocking. Further, as discussed above, the government activity in question, namely, the refusal of Martinez and Chavez – and by extension Torres – to aid Plaintiff in restoring her alleged right of access to the Well, did not violate any protected right. *See Gonzales*, 545 U.S. at 755 (The "'substantive' component of the Due Process Clause does not 'requir[e] the State to protect the life, liberty, and property of its citizens against invasion by private actors") (quoting *DeShaney*, 489 U.S. at 195). Accordingly, the undisputed facts do not show a violation by Martinez or Chavez of her substantive due process rights under the Fourteenth Amendment. Because Plaintiff has not shown that Martinez and Chavez violated her rights to substantive due process, it follows that Plaintiff has not shown that Torres violated those rights by directing or influencing Martinez and Chavez.

11

Finally, with regard to Plaintiff's equal protection claim, Plaintiff contends that Torres, Martinez and Chavez treated her differently from how they treated "similarly situated" tenants on Torres' property, without a rational basis. Doc. 31 at 17. In order to establish a "class-of-one" equal protection claim, as she purports to do here, Plaintiff must show that "a public official inflicts a cost or burden on one person without imposing it on those who are similarly situated in material respects, and does so without any conceivable basis other than a wholly illegitimate motive." *Jicarilla Apache Nation v. Rio Arriba Cty.*, 440 F.3d 1202, 1209 (10th Cir. 2006). The record, however, is devoid of any facts that depict how Martinez, Chavez or Torres treated anyone other than Plaintiff, let alone any of Torres' tenants. Indeed, there is no evidence that even suggests, much less explains, how any of Torres' tenants were "similarly situated" to Plaintiff in the first instance. Accordingly, Plaintiff has not shown a Fourteenth Amendment class-of-one equal protection violation by either Martinez or Chavez. It follows that Plaintiff has not shown a Fourteenth Amendment class-of-one equal protection violation by Torres for directing or influencing Martinez and Chavez.

For the foregoing reasons, the undisputed facts fail to establish that Torres violated any of Plaintiff's federal constitutional rights. Accordingly, the first prong of the qualified immunity analysis is not met. Torres thus is entitled to summary judgment on Plaintiff's federal constitutional claims against him in his individual capacity.

II.     Plaintiff's Federal Constitutional Claims against Torres in His Official Capacity

Plaintiff sues Torres for violating her federal constitutional rights not only in his individual capacity as a law enforcement officer, but also in his official capacity. "[A]n official-capacity suit is in all respects, other than name, . . . a suit against the entity.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Thus, the Court applies the law regarding municipal

liability to Plaintiff's official capacity Section 1983 claim against Torres.

In *Monell v. Department of Social Services*, the Supreme Court held that a plaintiff may sue a municipality for damages under Section 1983 when "the action that is alleged to be unconstitutional implements a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such custom has not received formal approval through the body's official decision-making channels." 436 U.S. 658, 690-91 (1978). A municipality, however, may not be held liable under Section 1983 solely because its officers inflicted injury. *See Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006). Rather, to establish municipal liability, a plaintiff must demonstrate that (1) an officer committed an underlying constitutional violation, (2) a municipal policy or custom exists, and (3) there is a direct causal link between the policy or custom and the injury alleged—*i.e.*, that the policy or custom was the "moving force" behind the alleged injury. *See id.*; *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989).

Here, as set forth above, Plaintiff has failed to demonstrate that Torres, Martinez, or Chavez – or any other law enforcement officer – committed an underlying constitutional violation. Accordingly, Plaintiff has failed to demonstrate an essential element of a municipal liability claim. Accordingly, Torres is entitled to summary judgment on Plaintiff's federal constitutional claims against him in his official capacity.

III.    Plaintiff's Request for Discovery

In an affidavit submitted with Plaintiff's response, Plaintiff's attorney requests additional discovery before the Court rules on Torres' Motion. Doc. 83-2. The defense of qualified immunity not only shields from liability governmental employees who perform discretionary functions, but it also protects them from the burdens of trial, including discovery. *Jiron v. City*

*of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004). Supreme Court and Tenth Circuit precedent make clear that when governmental employees file a motion based on qualified immunity, all discovery should be stayed pending disposition of the motion. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Jiron*, 392 F.3d at 414. The failure to stay discovery robs the defendant of the very benefit of the qualified immunity defense.

There, however, is a narrow exception to the discovery stay. When a party argues that limited discovery is necessary to allow her to respond to a pending motion, she may file a motion pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). "Rule 56(d), however, is not a license for a fishing expedition." *Lewis v. Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990). Accordingly, a Rule 56(d) affidavit must explain why facts precluding summary judgment cannot be presented. *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000). This includes (1) identifying the "probable facts not available," (2) "why those facts cannot be presented currently," (3) "what steps have been taken to obtain these facts," and (4) "how additional time will enable the party to obtain those facts and rebut the motion for summary judgment." *Id.* Rule 56(d) may not be invoked based solely upon the assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable. *See id.* Further, "if the party filing the Rule 56[d] affidavit has been dilatory, or the information sought is either irrelevant to the summary judgment motion or merely cumulative, no extension will be granted." *Id.* (citation omitted).

Here, Plaintiff's attorney argues in his affidavit that "[e]vidence, facts and testimony essential to support Plaintiff's opposition to summary judgment is in the control of" Torres, Martinez, and Chavez. Doc. 83-2 at ¶ 4. He further argues that Plaintiff "deserves limited discovery, at a minimum, to determine qualified immunity" as pled by Torres, Martinez, and Chavez. Id. at ¶ 5. In particular, he contends that the "issue of whether or not Torres operated in an official capacity in this matter and caused the Valencia County Sheriff's Department to not investigate or allow [Plaintiff] to report her allegations of interference of her easement and right to water on the well goes to intentional conduct and proving constitutional injury of protected property rights created under state law (water easement) and is dispositive of the immunity defense." Id. at ¶ 6.

These arguments do not establish Plaintiff's right to discovery under Rule 56(d). First, the affidavit fails to meet the necessary standard in order invoke Rule 56(d), as it does not identify the probable facts not available, why these facts cannot be presented currently, what steps have been taken to obtain these facts, or how additional time will enable Plaintiff to obtain those facts and rebut Torres' Motion. Further, the information sought by Plaintiff, namely whether Torres used his influence as a fellow officer to cause Martinez and Chavez to refuse to come to Plaintiff's aid in the private dispute between Plaintiff and Torres, is irrelevant to Torres' Motion. There is no disputed issue of material fact on this point. Rather, the Court finds, based on the undisputed facts viewed in the light most favorable to Plaintiff, that Torres' direction of Martinez and Chavez, as a matter of law, did not result in any federal constitutional violations. No amount of discovery as to what Torres did to influence Martinez and Chavez would assist Plaintiff in justifying her opposition to summary judgment. Accordingly, the Court denies Plaintiff's request for discovery.

IV.     Plaintiff's Pendant State Law Claims

In addition to her federal constitutional claims, Plaintiff's Complaint includes various claims against Martinez, Chavez, Torres, Elerby and Katsch arising from New Mexico law. The Court's pendent jurisdiction over these state claims "is exercised on a discretionary basis," and the Tenth Circuit has generally held that "if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (citations omitted). The Tenth Circuit has explained its general disinclination "to exercise pendent jurisdiction in such instances because notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Id.* at 1230 (citations omitted).

Having determined in this Memorandum Opinion and Order that Plaintiff's Fourth and Fourteenth Amendment claims against Torres are subject to summary judgment in Torres' favor, and having determined in a contemporaneous Memorandum Opinion and Order that Plaintiff's Fourth and Fourteenth Amendment claims against Martinez and Chavez are subject to dismissal, only the supplemental or pendent state law issues of violations under the Tort Claims Act, negligent misrepresentation, negligent interference of easement, trespass and slander to chattels, and tortious interference with contract remain. The Court finds that these issues are best left for a state court's determination. *Brooks*, 614 F.3d at 1230. Accordingly, the Court declines to exercise jurisdiction over Plaintiff's remaining state law claims and will remand them to the Thirteenth Judicial District Court for the State of New Mexico for further proceeding. *Id.*

# CONCLUSION

For the foregoing reasons, Torres is entitled to qualified immunity on Plaintiff's federal constitutional claims. Summary judgment in favor of Torres thus is warranted on Plaintiff's federal constitutional claims, as alleged in Count VI of the Complaint. The Court declines to exercise jurisdiction over Plaintiff's remaining state law claims and thus remands them to the Thirteenth Judicial District Court for the State of New Mexico for further proceeding.

**IT IS THEREFORE ORDERED** that Defendant Frederico Marvin Torres' Motion for Summary Judgment on the Basis of Qualified Immunity and Other Grounds [Doc. 81] is **GRANTED** and Plaintiff's federal constitutional claims against Torres are dismissed with prejudice.

DATED this 28th day of September, 2018.

_____
MARTHA VÁZQUEZ
United States District Judge